# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERTO SAUSEDA, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 08-cv-124-JPG |
| ) | |
| JOHN DOES 1 -4, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center (MCC), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory, injunctive, and monetary relief for alleged violations of his constitutional rights (excessive use of force while confined in prison). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that on June 7, 2006, "four . . . Caucasian officers dressed in full tactical unit uniforms hit [him] with a stick, shoved his head into a wall, [and] twisted [his] arms and legs." Plaintiff contends that the defendants - whom he cannot identify - did so only because he is a Mexican-American and had threatened to file a lawsuit against them. Plaintiff contends that as a result of the beating he is "suffering unnecessary pain."

**DISCUSSION**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on the allegations of the complaint - and giving them the required liberal construction - the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

2

**MOTION FOR PRODUCTION OF NAMES OF UNKNOWN DEFENDANTS**

Also before the Court is Plaintiff's motion for production of proper names of unknown defendants (Doc. 6).

When a plaintiff does not know the name of a defendant, he may use a fictitious name. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (holding that *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) impliedly recognized that plaintiffs can designate defendants by using fictitious names). To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 n. 3 (7th Cir. 1996)(collected cases); *see also K.F.P. v. Dane County,* 110 F.3d 516, 519 (7th Cir. 1997). The courts, however, are afforded some leeway in determining how best to assist Plaintiff in that investigation. *See Hillman v. Indiana Dept. of Corrections,* 56 F.3d 785, 789-90 (7th Cir. 1995). At this stage no pretrial discovery has taken place and it may well be that such will result in the identifications of the defendants. Alternatively, Plaintiff could request that the Court appoint him counsel to assist him in his investigation, but before appointing counsel, the Court should first require that Plaintiff make efforts to obtain counsel on his own. *Id*. There is no indication that Plaintiff has even attempted to obtain counsel to represent him.

Because this matter is being referred to a United States Magistrate Judge, this Court will deny the instant motion, without prejudice. If Plaintiff continues to face obstacles in identifying the John Doe Defendants, then Plaintiff can seek appropriate relief from the referred Magistrate Judge. At that point, hopefully, a better record will have been developed with regard to the efforts Plaintiff has taken to identify the John Doe Defendants. To keep this case proceeding, however, Plaintiff

shall, in thirty days, report to the referred Magistrate Judge, in writing, the steps he has taken (if any) to identify the John Doe Defendants.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's motion for production of proper names of unknown defendants (Doc. 6) is **DENIED,** without prejudice.

The Clerk is **DIRECTED** to send Plaintiff **four** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Service shall not be made on a John Doe Defendant until such time as (1) the Plaintiff has identified the John Doe Defendant by his proper name on a properly completed USM-285 form; (2) Plaintiff has submitted the properly completed USM-285 form to the Court; and (3) Plaintiff has identified the John Doe Defendant in a properly filed amended complaint.** Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order, Plaintiff shall advise the Court, in writing, of the steps he has taken, if any, to obtain the proper names and service addresses of the John Doe Defendants.

**IT IS FURTHER ORDERED** that if Plaintiff fails to advise the Court, in writing, of the steps he has taken to obtain the proper names and service addresses of the John Doe Defendants within the time period specified, then his complaint may be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for any Defendant properly identified by Plaintiff and for whom Plaintiff submits a properly completed USM-285 form. The

Clerk shall forward the completed Form 1A, the completed Form 1B, the properly completed USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on the identified Defendants in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the identified Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by an identified defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each identified defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: July 2, 2008.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**