# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERTO SAUSEDA, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No. 08-124-JPG-PMF |
| ) | |
| TACTICAL UNIT OFFICER ) | |
| RAYMOND, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for default judgment (Doc. No. 28). Also presented in a *sua sponte* recommendation of dismissal without prejudice for lack of service of process.

Plaintiff is proceeding on civil rights claims pertaining to the conditions of his prison confinement in June, 2006. With assistance from the Court, plaintiff prepared subpoenas *duces tecum* seeking relevant documents. The U.S. Marshals Service served the subpoenas on prison officials (Doc. Nos. 9, 10, 12, 13). *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548 n. 3 (7th Cir. 1996). Thereafter, plaintiff prepared and filed an Amended Complaint. The Amended Complaint partially identifies two of the defendants as Tactical Unit Officer Hill and Tactical Unit Officer Raymond (Doc. No. 15). The U.S. Marshals Service attempted to locate and serve defendants Hill and Raymond. These efforts were not successful because specific individuals could not be identified with the information provided. Information provided by the prison legal department excluded three employees with the last name "Hill." No prison employees named "Raymond" were found and one employee with a similar name was excluded (Doc. Nos. 22, 26).

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service is not made within 120 days, the court shall dismiss without prejudice as to that defendant or direct that service be effected within a specified time, provided that if there is a showing of good cause, the time for service shall be extended for an appropriate period. Fed. R. Civ. P. 4(m). Upon a finding of good cause, the 120-day service deadline was extended for an appropriate period. The extended deadline expired on February 20, 2009 (Doc. No. 14). The defendants have not been located or served.

In seeking default judgment in the sum of $45,000.00, plaintiff points out that he does not have the resources to track down the defendants and have them served. He believes the Clerk, the undersigned, and the U.S. Marshals Service have allowed the defendants to avoid suit.

Default judgment is not available in these circumstances. A defendant who has never been served or waived service has no obligation to appear and defend. On two occasions, the Court considered appointing counsel. Counsel was not appointed because plaintiff did not show a reasonable attempt to obtain counsel or demonstrate that he was not able to make that effort (Doc. Nos. 3, 5, 17, 21).

IT IS RECOMMENDED that plaintiff's motion for default judgment (Doc. No. 28) be DENIED.

IT IS FURTHER RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE for lack of service of process.

**SUBMITTED:    April 20, 2009    .**

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**